**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

FIFTH THIRD BANK N.A.,

Plaintiff,

v. Case No. 2:26-cv-1962-KCD-KRH

KIM L. VICTOR, et al.

Defendants.
______________________________/

**Order**

This matter is before the Court on Plaintiff Fifth Third Bank N.A.'s Motion to Remand (Doc. 6). Defendant Kim L. Victor, proceeding pro se, filed a Response in Opposition (Doc. 17). For the reasons explained below, the Motion is granted, and this case is remanded.

**Background**

Fifth Third sued Victor and others in this residential mortgage foreclosure in state court. (Doc. 1-1). The complaint pleads a single count and describes the case as "an *in rem* action for equitable relief." (Doc. 1-1 ¶¶ 1, 14).

The facts are straightforward. In 2021, Victor signed a $68,000 promissory note secured by a mortgage on his home. (Doc. 1-1 ¶¶ 4-5). Fifth Third alleges that he stopped paying in September 2025 and that it is owed $26,318.88 in principal, plus interest, costs, advances, and expenses. (Doc. 1-1 ¶¶ 10-11). It asked the state court to determine the sums due, declare a lien on the property, foreclose that lien,

and bar the junior interests of the other defendants. (Doc. 1-1 at 5). The state-court docket, for its part, classifies the case as a "Homestead Residential Foreclosure < 50,000." (Doc. 1-3).

On June 8, Victor filed a notice of removal in state court. (Doc. 1-2 at 19-21). He then filed his notice here. (Doc. 1). The notice casts a wide net. It invokes federal question jurisdiction under 28 U.S.C. § 1331, diversity jurisdiction under § 1332, removal under § 1443, and what Victor calls a "snap removal" under § 1441(b)(2). (Doc. 1 ¶¶ 1, 3, 9, 13). His federal theories include age discrimination, deceptive lending practices, violations of various federal statutes, and the Fourteenth Amendment. (Doc. 1 at 2, 5-7). He values the dispute at $5,000,000. (Doc. 1 at 2; Doc. 1-4). Yet an attached affidavit states that Victor paid Fifth Third a "mortgage pay-off amount of $28,619.97" in February 2026. (Doc. 1 at 8).[1]

Fifth Third moves to remand. (Doc. 6). It argues that the notice identifies no federal question and that § 1441(b)(2) bars removal by a Florida defendant sued in Florida. (Doc. 6 ¶¶ 9-14). In response, Victor maintains that his federal claims supply jurisdiction, that the parties are diverse, and that more than $75,000 is at stake. He also contends that he was free to remove before being served. (Doc. 17 ¶¶

[1] The notice also purports to join Fannie Mae and "Unknown Under Writers for Fifth Third Bank, National Association" as parties. (Doc. 1 ¶¶ 7-8). A notice of removal is not a vehicle for adding parties, and these entities have no bearing on the jurisdictional analysis above. Separately, the notice is signed "/s/ Kim L. Victor," but the signature block beneath lists Vivian M.K. Victor, Petitioner," with a Tampa address. (Doc. 1 at 7). It is unclear whether these are the same person. If they are not, the filing is improper. A party may appear only personally or through counsel. 28 U.S.C. § 1654. And a non-attorney may not file papers on another person's behalf. *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). Because the Court lacks jurisdiction regardless, it need not resolve the issue.

4, 7-12).

## Legal Standard

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must demonstrate the existence of either federal question jurisdiction, under 28 U.S.C. § 1331, or diversity jurisdiction, under 28 U.S.C. § 1332. Federal question jurisdiction arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction, meanwhile, exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

A party seeking removal bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Furthermore, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002). "Any 'doubt about jurisdiction should be resolved in favor of remand to state court.'" *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1344 (M.D. Fla. 2020) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## Discussion

Victor has not carried his burden. The complaint raises no federal question, and the amount in controversy falls well short of $75,000. The Court addresses

each point in turn.

**A. Federal Question**

Whether a case arises under federal law is governed by the well-pleaded complaint rule. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under that rule, a federal question must appear on the face of the plaintiff's complaint as it existed at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). A federal defense does not qualify. *Caterpillar*, 482 U.S. at 393. Neither does a counterclaim. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Other courts routinely apply these rules to pro se removals of foreclosure actions. A mortgage foreclosure claim arises under state law. And a borrower cannot create federal jurisdiction by pointing to federal statutes in his own defenses or counterclaims. *Select Portfolio Servicing, Inc. v. Bell*, No. 2:24-cv-335-JES-KCD, 2024 WL 3305502, at *2 (M.D. Fla. June 6, 2024); *Bank of N.Y. Mellon v. Resol. Props. Tr. LLC*, No. 8:19-cv-336-T-60JSS, 2019 WL 3451482, at *2 (M.D. Fla. July 13, 2019); *Wells Fargo Bank, N.A. v. Benjamin*, No. 6:16-cv-1655-Orl-41DAB, 2016 WL 6652468, at *2-3 (M.D. Fla. Sept. 29, 2016), *R&R adopted*, 2016 WL 6622611 (Nov. 9, 2016).

This case is no different. Fifth Third's complaint pleads one count for foreclosure under Florida law. (Doc. 1-1 at 3-5). It invokes no federal statute. Nor does Fifth Third's right to relief depend on any question of federal law. To be sure,

the mortgage references the Real Estate Settlement Procedures Act, and Fannie Mae owns the loan. (Doc. 1-1 ¶ 7; Doc. 1-2 at 7). But a state-law foreclosure claim does not arise under federal law because the loan documents mention a federal statute or a federally chartered entity holds the loan. *See Mortg. Lenders Inv. Trading Corp. v. Vereen*, No. 3:24-cv-627-MMH-PDB, 2024 WL 4284979, at *2 (M.D. Fla. Sept. 25, 2024) (references to RESPA in the mortgage); *Wells Fargo Bank, N.A. v. Wilson*, No. 8:19-cv-1877-T-02AAS, 2019 WL 4668173, at *1-2 (M.D. Fla. Sept. 25, 2019) (FHA loan with Ginnie Mae as investor).

Victor's federal theories fare no better. Every federal statute he cites belongs to claims he says he holds against Fifth Third. Indeed, he describes them as a "counter-claim" and an "imminent complaint-counterclaim." (Doc. 1 at 5; Doc. 17 ¶ 13). The same goes for his reliance on the Supremacy Clause. (Doc. 1 ¶ 12). Preemption is a defense, and it cannot support removal. *Caterpillar*, 482 U.S. at 393.[2]

That leaves § 1443, which does not help Victor either. Removal under § 1443(1) requires a defendant to show that he relies on a federal law providing for specific civil rights stated in terms of racial equality and that he cannot enforce that right in state court. *State of Ga. v. Rachel*, 384 U.S. 780, 792-94 (1966); *Alabama*

[2] Victor also cites 28 U.S.C. §§ 1441, 1446, and 1447, Federal Rule of Civil Procedure 81, and Local Rule 1.06 (Doc. 1 ¶¶ 1-3). These provisions govern removal procedure. They do not confer jurisdiction. *See US Bank Natl' Ass'n v. Bradshaw*, No. 2:11-cv-171-FTM-29SPC, 2011 WL 1298100, at *1 (M.D. Fla. Apr. 5, 2011) (order to show cause); *U.S. Bank Nat'l Ass'n v. Story*, No. 6:10-cv-34-ORL-19DAB, 2010 WL 148726, at *2 n.4 (M.D. Fla. Jan. 12, 2010).

*v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001). Broad contentions of due process and equal protection do not meet that test. *Rachel*, 384 U.S. at 792. Victor alleges age discrimination and generic Fourteenth Amendment violations. (Doc. 1 ¶¶ 1, 3; Doc. 1 at 5). Nothing in his notice, however, concerns racial equality. *See Bradshaw*, 2011 WL 1298100, at *2 (finding the first requirement unmet where a pro se foreclosure defendant alleged no race-based action). And § 1443(2) is available only to federal officers and those acting with or for them. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 & n.22 (1966). Victor is neither. In short, no federal question supports removal.

**B. Diversity**

The diversity inquiry ends the same way. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Because the amount in controversy is dispositive, the Court need not address citizenship.[3]

A notice of removal need only include a plausible allegation that the amount in controversy exceeds $75,000. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). But the calculus changes when the plaintiff contests, or the court questions, that allegation. *Id.* The removing party must then prove by a preponderance of the evidence that the threshold has been met. *Id.* at 88-89; 28

[3] For the same reason, the Court need not reach Fifth Third's argument under the forum-defendant rule or Victor's "snap removal" response. Section 1441(b)(2) limits removal of cases otherwise within the Court's diversity jurisdiction. It does not create jurisdiction where none exists.

U.S.C. § 1446(c)(2)(B). At that stage, a conclusory allegation is not enough. The removing party must set out the facts supporting it. *Koncept Props. Inc. v. Scopelliti*, 627 F. Supp. 3d 1282, 1286-87 (M.D. Fla. 2022). In weighing the evidence, a court may draw reasonable deductions and inferences from the record, but it may not speculate. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Fifth Third does not challenge the amount in controversy. But the Court must inquire into its own jurisdiction whenever it may be lacking. *Univ. of S. Ala.*, 168 F.3d at 410. And the record here gives ample reason to question Victor's allegation.

Where, as here, the plaintiff seeks equitable relief, the amount in controversy is the value of the object of the litigation. *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997). That value is measured from the plaintiff's perspective. It is the monetary value of the benefit that would flow to the plaintiff if relief were granted. *Wilmington Sav. Fund Soc'y, FSB v. Bus. L. Grp., P.A.*, No. 8:15-cv-2831-T-36-TGW, 2016 WL 11491322, at *4 (M.D. Fla. Apr. 19, 2016).

The Eleventh Circuit applied this principle to a foreclosure removed by a pro se borrower in *U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827 (11th Cir. 2017). There, neither the complaint nor the notice of removal stated an amount. *Id.* at 829-30. But the state-court docket attached to the notice classified the case as a foreclosure on a home worth more than $250,000. *Id.* Measuring the amount in

controversy by the object of the litigation, the Eleventh Circuit held that the record showed more than $75,000 at stake. *Id.*

The record points the other way on every measure. Start with the debt itself. Fifth Third seeks to foreclose a lien securing $26,318.88 in unpaid principal. (Doc. 1-1 ¶ 11). That debt is the benefit that would flow to Fifth Third if it prevailed. *See TJM MAC LLC v. Mortg. Elec. Registration Sys., Inc.*, No. 8:14-cv-620-T-23AEP, 2014 WL 4976819, at *1-2 (M.D. Fla. Oct. 3, 2014).[4] Interest and costs do not count toward the threshold. 28 U.S.C. § 1332(a).

Consider next the remaining sums. Fifth Third also seeks advances, expenses, and attorney's fees under the note and mortgage. (Doc. 1-1 ¶¶ 11, 13). But Victor offers no evidence of their amount, and nothing in the record suggests they approach the roughly $49,000 needed to cross the threshold for this Court's jurisdiction. Nor does the complaint seek a deficiency judgment or any other personal recovery.

The rest of the record confirms the point. Victor's own affidavit reflects the scale of the debt. He swears that the payoff amount was $28,619.97. (Doc. 1 at 8). The state-court docket Victor attached, the same kind of record the Eleventh

---

[4] When "the validity of . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Pro. Ins. Corp.*, 296 F.2d 545, 547-58 (5th Cir. 1961); *see Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981). That principle does not apply here. Fifth Third claims no title to the property. It seeks to enforce a lien securing a debt. *See TJM MAC*, 2014 WL 4976819, at *2 (declining to apply *Waller* where the plaintiff challenged only the right to foreclose, not the lien).

Circuit relied on in *Smith*, classifies this case as a foreclosure under $50,000. (Doc. 1-3). And even the original principal of the note, $68,000, falls below the threshold. (Doc. 1-1 ¶ 4). *See also Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1290-91 (M.D. Ala. 2012) (measuring the amount in controversy by the sums in dispute rather than the home's value).

Victor's $5,000,000 figure does not change the result. It appears in the notice and the civil cover sheet without explanation. (Doc. 1 at 2; Doc. 1-4). Read liberally, it reflects the value Victor places on his own claims against Fifth Third. But those claims are not part of the plaintiff's case, and a defendant's counterclaim cannot supply the amount in controversy. *See Benjamin*, 2016 WL 6652468, at *3 (citing *First Guar. Bank & Tr. Co. v. Reeves*, 86 F. Supp. 2d 1147, 1154 (M.D. Fla. 2000)). A bare figure unsupported by facts also cannot carry Victor's burden. *Koncept*, 627 F. Supp. 3d at 1286-87.

Nor is this a pleading defect that Victor could cure by amendment. "Defective allegations of jurisdiction may be amended." 28 U.S.C. § 1653. But § 1653 "addresses only incorrect statements about jurisdiction that actually exists and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). The defect here lies in the facts. The figures that defeat jurisdiction come from Fifth Third's complaint, the state-court docket, and Victor's own affidavit. And Victor already addressed the amount in controversy. His response asserts that his notice "clearly states the amount sought" and explains it "by a preponderance of evidence." (Doc. 17 ¶¶ 7, 11). But he offers

nothing beyond that bare assertion.

Overall, Victor has not shown that the amount in controversy exceeds $75,000. So there is no diversity jurisdiction. And with no federal question jurisdiction either, the Court lacks subject-matter jurisdiction over this matter. Remand is therefore required. *See* 28 U.S.C. § 1447(c).

**ORDERED:**[5]

1. Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**.
2. This action is remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida.
3. If no Rule 72(a) objection is filed within fourteen days of this Order, then the Clerk is directed to terminate all pending motions and scheduled events, transmit a certified copy of this Order to the Charlotte County, Florida, Clerk of Court, and close this case.

In Fort Myers, Florida on September 30th, 2026.

Kevin R. Huguelet
United States Magistrate Judge

[5] "Because a motion to remand does not address the merits of the case but merely changes the forum, the Court finds it a non-dispositive matter that does not require a report and recommendation." *Lockhart v. Greyhound Lines, Inc.*, No. 2:22-cv-473-SPC-KCD, 2023 WL 155279, at *5 n.3. (M.D. Fla. Jan. 11, 2023) (citing *Franklin v. City of Homewood,* No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007)).